UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROY OTIS FLOYD,

    Petitioner,

v.                                                    Case No. 3:21cv171-LC-HTC

SECRETARY,
  FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Roy Otis Floyd, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 challenging his conviction in the circuit court of Escambia County, Florida, 2016 CF 4204 for petit theft and burglary of an unoccupied dwelling, raising twenty-five (25) grounds of ineffective assistance of counsel. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Because Petitioner has failed to prosecute and follow orders of the Court, the undersigned recommends the Petition be DENIED without prejudice.

On February 2, 2021, this Court ordered Petitioner to, within thirty (30) days, pay the filing fee or file a motion to proceed *in forma pauperis* <u>and</u> to provide the Court with two service copies of his petition or pay for copies to be made. ECF Doc.

3. The Court did not receive a response from Petitioner showing compliance with that order within the time allowed. Thus, on March 12, 2021, the Court issued a show cause order giving Petitioner fourteen (14) days to show cause why the case should not be recommended for dismissal. ECF Doc. 5.

On March 24, 2021, the Court received Petitioner's motion to proceed *in forma pauperis*. ECF Doc. 6. On April 2, 2021, the Court granted the motion to proceed *in forma pauperis* and gave Petitioner thirty (30) additional days to provide the service copies of the petition or payment for them. ECF Doc. 7 at 2.

On April 14, 2021, Petitioner responded to the Court's March 12, 2021 show cause order. ECF Doc. 8. It appears from Petitioner's response he may have attempted to serve the Secretary and Attorney General himself. Specifically, Petitioner states that he had sent his *in forma pauperis* motion "the second week of March"[1] and "the same morning, outgoing legal mail sent a copy of the habeas corpus motion identical to the one sent the Court to the Secretary of the Department of Correction, Inch . . . and to the Attorney General of the State of Florida, Ashley Moody." ECF Doc. 8 at 1.

On May 6, 2021, the Court entered an order, ECF Doc. 10, explaining that such service was not proper because, under the Habeas Rules and Local Rules, the clerk – not Petitioner -- is supposed to effect service. Also, the Court explained that

---

[1] The *in forma pauperis* motion was time-stamped March 19, 2021 by RMC mail officials. ECF Doc. 6 at 9.

Case No. 3:21cv171-LC-HTC

service by mail is not sufficient. The Court also gave Petitioner an additional thirty (30) days to provide the service copies or arrange payment with the clerk for copies to be made. ECF Doc. 10. Petitioner did not respond to that order.

Therefore, on June 16, 2021, the Court ordered Petitioner to show cause within fourteen (14) days why the case should not be recommended for dismissal. ECF Doc. 11. Petitioner was warned that failure to timely comply with any part of this order may result, without further notice, in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. Petitioner, also, has not responded to the show cause order and the time for doing so has passed. Indeed, despite filing the petition in January, Petitioner has still not provided the Court with service copies of the petition.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).

Case No. 3:21cv171-LC-HTC

Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).

Petitioner has already been given a chance to show cause, and a magistrate judge's report and recommendation provides additional notice and opportunity to respond. Thus, this Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 9th day of July, 2021.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.